IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

---

JOSE CESAR SOLANO TELLO,

    *Plaintiff*

vs.

BRUENING ROCK PRODUCTS, INC.

And

DONALD P. WILKINS

    *Defendants*

Case No: 6:21-cv-2045

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

COMES NOW the Plaintiff, JOSE CESAR SOLANO TELLO, referred to herein simply as "Jose Solano" or "Solano," by his attorneys, HALE, SKEMP, HANSON, SKEMP & SLEIK, and KNUDSON LAW OFFICE, for his Complaint against the above-named Defendants and Jury Demand, alleges and shows to the Court as follows:

## PARTIES

1. Plaintiff JOSE CESAR SOLANO TELLO, a/k/a Jose Cesar and Jose Solano (hereinafter "SOLANO"), is an adult citizen of Mexico. At all times material hereto, SOLANO has been a citizen and subject of Mexico. At no time relevant hereto, has Solano been a permanent resident of the United States or an alien admitted to the United States for permanent residence. At

all times relevant hereto, Solano has resided at 1576 134th Ave., Castalia, Iowa, Winneshiek County.

2. Defendant, BRUENING ROCK PRODUCTS, INC. (hereinafter "BRUENING"), upon information and belief, is a corporation organized in the State of Iowa and having a principal place of business located at 900 Montgomery Street, Decorah, Iowa, Winneshiek County.

3. Defendant Donald P. Wilkins (hereinafter "WILKINS") is an adult citizen and resident of Iowa, residing at 2750 Nordic Hills Rd., Decorah, Iowa, Winneshiek County.

4. At all times material to this action, WILKINS was employed as a truck driver for BRUENING, and was acting within the course and scope of his employment with BRUENING at the time of the accident described below.

5. At all times material hereto, BRUENING operated a commercial business in and near Decorah, Iowa. BRUENING's commercial business operations included: trucking, heavy construction, mining and crushing aggregate, and aggregate supply.

6. At the time of the accident at issue, BRUENING and WILKINS were individually and collectively acting in furtherance of said commercial activities.

7. Upon information and belief, at all times material hereto, BRUENING was the owner of a 2005 Freightliner Dump Truck (hereinafter "DUMP TRUCK"), which was involved in the motor vehicle accident described below.

8. At all times material hereto, BRUENING was the owner of a 34-35 acre parcel of real estate, Parcel ID 112240000600, located on the south side of State Highway 9, and south east of the intersection of Highway 9 and Montgomery Street in the City of Decorah.

9. Upon information and belief, said parcel of real estate was once used as a rock quarry (hereinafter "QUARRY"). At all times material to this action BRUENING used the QUARRY for the stockpiling and storage of aggregate as part of its commercial operations.

10. The driveway access to the QUARRY abuts Highway 9, which is a 4-lane highway, with two eastbound travel lanes and two westbound travel lanes. The speed limit for traffic on Highway 9 is 55 miles per hour where the driveway to the QUARRY connects to Highway 9.

11. The accident at issue in this case occurred on September 16, 2019 on Highway 9 near the entrance to the QUARRY, and is described in more detail below. (hereinafter "ACCIDENT").

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) because the parties are citizens of a State and a citizen or subject of a foreign state who was never lawfully admitted for permanent residence in the United States; and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff SOLANO'S medical expenses for injuries caused in the ACCIDENT are in excess of $128,000.

13. This Court has personal jurisdiction over the Defendant BRUENING because, at all times material hereto, it was incorporated in Iowa, has its principal place of business in Iowa, and transacted business in the State of Iowa. The ACCIDENT occurred in Iowa in furtherance of BRUENING's commercial activities in Iowa.

14. This Court has personal jurisdiction over the Defendant WILKINS because, at all times material hereto, he was an adult citizen of Iowa, had his principal residence in Iowa,

primarily worked in Iowa, and was engaged in commercial work in Iowa on behalf of BRUENING at the time of the ACCIDENT.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the Plaintiff's claims, including the ACCIDENT, occurred in this district and because Defendants reside and transact business in this district.

16. The ACCIDENT occurred in Winneshiek County, Iowa, which is located in the Northern District of Iowa, Eastern Division.

**FACTUAL BACKGROUND**

17. On September 16, 2019, at approximately 4:07 p.m., WILKINS was operating the DUMP TRUCK, and was attempting to exit the QUARRY with a load of aggregate with the intention of making a left hand turn onto Highway 9.

18. Suddenly and without warning, as SOLANO operated his vehicle on the east bound side of Highway 9, WILKINS pulled onto Highway 9 and directly into the path of the oncoming SOLANO vehicle.

19. The SOLANO vehicle was unable to avoid the DUMP TRUCK, causing the front of the SOLANO vehicle to collide head on with the left side of the DUMP TRUCK, striking it in the area of the DUMP TRUCK's rear axle.

20. The collision caused substantial damage to the front of the SOLANO vehicle, rendering it inoperable and a total loss.

21. As a result of the significant crush damage done to the SOLANO vehicle, SOLANO was entrapped in the vehicle, and had to be extricated by rescue personnel with appropriate equipment.

22. As a result of the ACCIDENT, SOLANO sustained serious personal injuries and damages. SOLANO'S medical expenses for injuries sustained in the ACCIDENT are in excess of $128,000, and treatment continues. In particular, SOLANO sustained a serious injury to his right leg/knee, which has resulted in multiple surgeries.

### COUNT I—NEGLIGENCE AS TO WILKINS

23. Plaintiff repeats and realleges all previous allegations contained in this Complaint.

24. At all times material hereto, SOLANO was operating his vehicle in a safe and reasonable manner, and exercising a proper lookout for other vehicles sharing the road.

25. At all times material hereto, SOLANO had the legal right-of-way, and WILKINS was legally required to yield to the SOLANO vehicle.

26. WILKINS owed a duty of reasonable care to other motorists, including SOLANO.

27. Said duty included, but was not limited to,
    a. Duty to operate the DUMP TRUCK in a safe and reasonable manner.
    b. Duty to yield to the SOLANO vehicle.
    c. Duty of lookout to approaching motorists on Highway 9.
    d. Duty to not make a left hand turn across traffic unless the turn can be safely made without striking or entering in the immediate path of travel of other traffic.

28. WILKINS breached said duty(ies) and was negligent by driving the loaded DUMP TRUCK into the path of the oncoming SOLANO vehicle.

29. WILKINS' negligent operation of the DUMP TRUCK was a proximate cause of the collision with the SOLANO vehicle and SOLANO's resulting injuries and damages.

30. WILKINS' negligent conduct was a proximate cause of injuries to SOLANO, and resulting damages.

31. WILKINS is liable for all injuries and damages suffered by SOLANO that are the proximate result of his negligence.

32. As a result of the collision and resulting entrapment, SOLANO sustained serious personal injuries, causing severe pain, suffering, disability, loss of enjoyment of life, medical expenses, and loss of capacity to work. Upon information and belief, some of these injuries are of a permanent nature.

33. Because WILKINS was operating the DUMP TRUCK within the course and scope of his employment with BRUENING at the time of the ACCIDENT, BRUENING is vicariously liable for WILKINS' wrongful conduct and SOLANO's resulting injuries and damages.

## COUNT II—NEGLIGENCE AS TO BRUENING

34. Plaintiff repeats and realleges all previous allegations contained in this Complaint.

35. BRUENING is in the business of employing drivers to operate its dump trucks on public roadways as part of its business operations.

36. Included in its business is the ownership and use of the QUARRY, where aggregate is stored, and later hauled to other locations.

37. BRUENING had owned and operated the QUARRY, and employed drivers to operate its dump trucks to and from the QUARRY, for a number of years before the ACCIDENT.

38. As a result of its ownership and use of the QUARRY, BRUENING knew, or in the exercise of reasonable care should have known, of the unique hazards and dangers of operating dump trucks to and from the QUARRY through the driveway access on Highway 9.

39. As a result of its ownership and use of the QUARRY, BRUENING knew, or in the exercise of reasonable care should have known, that making left hand turns on to Highway 9, from

the QUARRY, presented a significant hazard to its own drivers and to any motorists traveling on Highway 9 near the location of the QUARRY entrance.

40. As a result of its ownership and use of the QUARRY, and what it knew or reasonably should have known regarding the above-mentioned hazards, BRUENING had a duty of reasonable care to motorists traveling on Highway 9.

41. BRUENING's duty of care included, but was not limited to:

   a. Duty to select and employ competent and safe operators of its dump trucks;

   b. Duty to properly train and supervise its drivers in the safe operation of its dump trucks;

   c. Duty to utilize or employ, as necessary, flaggers, spotters, and/or other warning devices to alert its drivers to the presence of oncoming traffic;

   d. Duty to utilize or employ, as necessary, flaggers, spotters, and/or other warning devices to alert oncoming traffic to dump trucks that may be entering Highway 9 from the Quarry;

   e. Duty to adopt and/or enforce safety standards for the safe operation of dump trucks from the QUARRY, such as requiring only right hand turns on to Highway 9 when cross-traffic is present;

42. BRUENING breached its duty of care to SOLANO. BRUENING's breach of the duty of care included, but is not limited to:

   a. Failing to properly train and supervise its drivers, including WILKINS, in the safe operation of the DUMP TRUCK;

    b. Failing to utilize or employ a flagger(s), spotter(s), and/or other warning device to alert WILKINS to the presence of oncoming traffic, including the SOLANO vehicle, just prior to and at the time of the ACCIDENT;

    c. Failing to utilize or employee a flagger(s), spotter(s), and/or other warning device to alert SOLANO that the DUMP TRUCK would be attempting a left hand turn in front of the SOLANO vehicle;

    d. Failing to adopt and/or enforce safety standards for the safe operation of dump trucks from the QUARRY;

    e. Instructing, permitting, and/or not forbidding WILKINS from making a left-hand turn on to Highway 9 from the QUARRY at the time of the ACCIDENT;

    f. Was otherwise negligence.

43. BRUENING's negligence was a proximate cause of the collision of the DUMP TRUCK with the SOLANO vehicle and SOLANO's resulting injuries.

44. BRUENING is liable for all injuries and damages suffered by SOLANO that are the proximate result of its own negligence and the negligence of its employee, WILKINS.

45. BRUENING's wrongful conduct was a proximate cause of injuries to SOLANO, and resulting damages.

## PUNITIVE DAMAGES

46. Plaintiff repeats and realleges all previous allegations contained in this Complaint.

47. The conduct of WILKINS and BRUENING, individually and collectively, as described above, constituted a willful and wanton disregard for the rights or safety of others, including SOLANO.

48. The conduct of WILKINS and BRUENING, individually and collectively, as described above, was committed with a willful or reckless disregard for the rights of others, including SOLANO.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendants, jointly and severally, in a fair and reasonable amount as shown by the evidence, together with punitive damages, together with interest and costs as provided by law.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury in the above-caption matter.**

By: \_\_\_/s/_____
Craig R. Steger
AT 0038355
**HALE, SKEMP, HANSON, SKEMP & SLEIK**
505 King Street, Suite 300
P. O. Box 1927
La Crosse, WI 54601
(608) 784-3540
(608) 784-7414 Facsimile